Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFFREY KATZ**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**NATIONAL INTEGRATED HEALTHCARE GROUP LLC**, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JEFFREY KATZ ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from

the illegal actions of NATIONAL INTEGRATED HEALTHCARE GROUP LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff via "telephone facsimile machine" in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby causing Plaintiff and all others similarly situated to incur the costs of receiving unsolicited advertisement messages via "telephone facsimile machines" and invading their privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Texas state.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Northern District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the state of California and Plaintiff resides within this District.

## PARTIES

4.      Plaintiff, JEFFREY KATZ ("Plaintiff"), is a natural person residing in San Francisco County, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.      Defendant, NATIONAL INTEGRATED HEALTHCARE GROUP LLC ("Defendant" or "DEFENDANT"), is a medical credentialing company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the

Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.      Beginning in or around September 2019, Defendant contacted Plaintiff on his telephone facsimile number ending in -3052, in an effort to sell or solicit its services.

9.      Defendant contacted Plaintiff via facsimile from a telephone number confirmed to belong to Defendant, (866) 846-0396/(866) 987-7526.

10.     Defendant contacted Plaintiff between on September 11, 2019 in an effort to solicit its business.

11.     Defendant's messages constituted "telephone solicitation" as defined by the TCPA, *47 U.S.C. § 227(a)(4)* and "unsolicited advertisement" as defined by the TCPA, *47 U.S.C. § 227(a)(5)*.

12.     Defendant used an "telephone facsimile machine" as defined by *47 U.S.C. § 227(a)(3)* to place its calls to Plaintiff seeking to sell or solicit its business services.

13.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

14.     Defendant's calls were placed to telephone facsimile numbers assigned to a telephone service for which Plaintiff incurs a charge for incoming messages.

15.     Plaintiff is not a customer of Defendant's services and has never provided any personal information, including his telephone facsimile number(s), to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using a telephone facsimile machine pursuant to *47 U.S.C. § 227(b)(1)C)*.

16.     Furthermore, the message that Defendant sent to Plaintiff lacked the "opt-out" notice pursuant to *47 U.S.C. § 227(b)(2)(D)*.

## CLASS ALLEGATIONS

17.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone facsimile messages from Defendant to said person's telephone facsimile number made through the use of any telephone facsimile machine and such person had not previously consented to receiving such messages and such messages did not contain any opt-out notice within the four years prior to the filing of this Complaint

18.     Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone facsimile messages from Defendant to said person's telephone facsimile number made through the use of any telephone facsimile machine and such person had not previously not provided their telephone facsimile number to Defendant within the four years prior to the filing of this Complaint, nor did the telephone facsimile message contain an opt-out notice.

19.     Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

20.     The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

21.     Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their telephone facsimile numbers thereby causing Plaintiff and Class members to incur certain charges or reduced telephone facsimile time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

22.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Complaint, Defendant sent telephone facsimile messages (other than for emergency purposes or made with the prior express consent of the called party and with an opt-out notice contained in the messages) to a Class member using any telephone facsimile machine to any telephone number assigned to a telephone facsimile service;

b.     Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c.     Whether Defendant should be enjoined from engaging in such conduct in the future.

23.     As a person who received numerous messages from Defendant using a telephone facsimile machine, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

24.     Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

25.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

26.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

27.     Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

28.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

29.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

30.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

31.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

32.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

33.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

34.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

35.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## **FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and
- Any and all other relief that the Court deems just and proper.

## **SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and
- Any and all other relief that the Court deems just and proper.

## **JURY DEMAND**

36.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff reserves their right to a jury on all issues so triable.


Respectfully Submitted this 8th day of June, 2021.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
         Todd M. Friedman
         Law Offices of Todd M. Friedman
         Attorney for Plaintiff